**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE SCISCIONE**<br><br>　　　　**Plaintiff,**<br>v.<br><br>**MAACO ENTERPRISES, INC.**<br><br>　　　　**Defendant.** | No. 06-cv-05578 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Maaco Enterprises, Inc. ("Maaco"), by counsel, answers the allegations of the Civil Action Complaint as follows:

### I.　　Introduction

1.　　Denied as conclusions of law to which no response is required.

### II.　　The Parties

2.　　Denied. Maaco lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and the allegations are, therefore, denied.

3.　　Admitted.

4.　　Admitted in part and denied in part. Admitted only that, as a corporate entity, Maaco can only act through its agents, servants and employees. Maaco denies as impermissibly vague the allegations that its agents, servants and employees acted within the scope of their job duties "[a]t all times relevant." The remaining allegations of this paragraph are legal conclusions to which no response is required, and the allegations are, therefore, denied.

5.  Admitted in part and denied in part. Admitted only that Maaco maintains or maintained fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year. The remaining allegations of this paragraph are legal conclusions to which no response is required, and the allegations are, therefore, denied.

6.  Admitted in part and denied in part. Admitted only that Maaco maintains or maintained twenty or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year. The remaining allegations of this paragraph are legal conclusions to which no response is required, and the allegations are, therefore, denied.

7.  Admitted in part and denied in part. Admitted only that Maaco has four or more employees. The remaining allegations of this paragraph are legal conclusions to which no response is required, and the allegations are, therefore, denied.

### III.   Jurisdiction and Venue

8.  Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

9.  Denied as conclusions of law to which no response is required.

10. Denied as conclusions of law to which no response is required.

11. Denied as conclusions of law to which no response is required.

### IV.   Procedural and Administrative Remedies

12. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

13. Admitted in part and denied in part. To the extent that the allegations of this paragraph are legal conclusions, no response is required and the allegations are, therefore, denied.

Maaco's responses to the subparagraphs of Plaintiff's paragraph 13 are as follows:

> a. Admitted only that Plaintiff filed a complaint against Maaco with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") in April 2006, and that the EEOC assigned the matter docket number 530-2006-01415. Denied that the EEOC complaint was filed on or about April 10, 2006. Any characterization of the EEOC complaint is denied, as it is a document that speaks for itself. The remaining allegations of this paragraph are legal conclusions to which no response is required, and the allegations are, therefore, denied.
>
> b. Admitted.
>
> c. Denied as a conclusion of law to which no response is required.
>
> d. Admitted.

14. Denied as conclusions of law to which no response is required.

## V. Factual Background

15. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

16. Admitted, on information and belief.

17. Admitted in part and denied in part. Admitted only that Plaintiff's employment was terminated on November 18, 2005. Denied that Plaintiff's employment commenced on May 25, 2004.

18. Admitted in part and denied in part. Admitted only that Faith Cashdollar is Maaco's Human Resource Manager and that, as part of her job responsibilities, Ms. Cashdollar

discussed with Plaintiff the range of appropriate clothing at Maaco and informed her that Anthony Martino, the owner of Maaco, prefers that employees dress professionally. Denied that Ms. Cashdollar made the statement attributed to her, outside of this context.

19. Admitted in part and denied in part. Admitted only that, in an attempt to be informal and to graphically convey the relative simplicity of Plaintiff's job responsibilities, Ms. Cashdollar made a statement similar to Plaintiff's allegation. By way of further answer, in the same context and somewhat sarcastically, Ms. Cashdollar also said, "You are being asked to get coffee. The executives' time is important and better spent producing income, so even if they ask you to wash their car or pick up their dry cleaning, if that makes their job easier, you should not have an issue with the request." Denied that Ms. Cashdollar made the statement attributed to her outside of this context, or that she ever said that Plaintiff had to "lay down for them."

20. Denied.

21. Admitted that Ms. Cashdollar invited numerous Maaco employees, sometimes including Plaintiff, to social functions outside the office.

22. Denied. Maaco lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Plaintiff may have gossiped about with other unidentified employees, and the allegations are, therefore, denied.

23. Admitted.

24. Denied.

25. Admitted in part and denied in part. Admitted only that Ms. Cashdollar invited Maaco employees, including Plaintiff, to a party in or about September 2005, indicating that because of an imbalance of men and women invited said, "we need women to attend" and invited

Plaintiff to bring her Maaco colleague, Susan Cristiano. Denied that the party was a "swingers" party, however this term may be defined by Plaintiff. Maaco lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Plaintiff may have gossiped about with other unidentified Maaco employees may have gossiped about, and the allegations are, therefore, denied.

26. Admitted in part and denied in part. Admitted only that Ms. Cashdollar said, "That blouse looks so soft, just like a teddy bear, and it makes you just want to touch it. You look good." Denied that Ms. Cashdollar stated that she wanted to touch Plaintiff or that the statement was intended as anything but a compliment on an article of clothing.

27. Admitted in part and denied in part. Admitted that an unidentified Maaco employee discovered a personal advertisement that Ms. Cashdollar had placed several months earlier on Cupid.com, a dating website, and caused a copy of it to be distributed to other Maaco employees. Admitted that the advertisement included photographs of Ms. Cashdollar. Denied that Ms. Cashdollar had any sexually-themed personal website. Denied that Ms. Cashdollar caused the advertisement to be discovered or distributed.

28. Denied.

29. Denied that Ms. Cashdollar copied or circulated any such CD while Plaintiff was employed at Maaco.

30. Denied. By way of further response, Plaintiff made no mention of this alleged conduct in her EEOC complaint.

31. Admitted in part and denied in part. Admitted only that Mr. Martino encouraged all of his employees, and particularly those with access to prospective franchisees, to dress

professionally. Denied that Mr. Martino made the comment attributed to him. By way of further response, Plaintiff made no mention of this alleged conduct in her EEOC complaint.

32. Denied that Plaintiff ever made a complaint to Mr. Berman or to any other managerial employee at Maaco relating to any of the allegations of her Complaint. By way of further response, Plaintiff made no mention in her EEOC complaint of this or any other alleged attempts to complain about the alleged harassment.

33. Denied. While Plaintiff was terminated on November 18, 2005, her termination was for good cause.

34. Admitted.

## COUNT I
## TITLE VII – SEXUAL HARASSMENT

35. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

36. Denied as conclusions of law to which no response is required.

37. Denied as conclusions of law to which no response is required.

## COUNT II
## TITLE VII – RETALIATION

38. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

39. Denied as conclusions of law to which no response is required. By way of further response, Plaintiff was never solicited for a sexual or otherwise inappropriate relationship and never complained or attempted to complain about sexual harassment in the workplace.

40. Denied as conclusions of law to which no response is required.

41. Denied as conclusions of law to which no response is required.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

43. Denied as conclusions of law to which no response is required.

44. Denied as conclusions of law to which no response is required.

45. Denied as conclusions of law to which no response is required.

## COUNT IV
## PENNSYLVANIA HUMAN RELATIONS ACT

46. Each of the preceding paragraphs is incorporated by reference as if set forth in full in this paragraph.

47. Denied as conclusions of law to which no response is required.

48. Denied as conclusions of law to which no response is required.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

a.-n.   Maaco denies that Plaintiff is entitled to any relief whatsoever on any of her claims. Maaco denies that it has engaged in any wrongful or unlawful act or omission with respect to Plaintiff.

**WHEREFORE**, Maaco requests that the Court enter judgment in its favor and against Plaintiff and that it dismisses the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

Maaco asserts the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Plaintiff's termination was solely the result of Plaintiff's work performance, including her chronic lateness, inability to work with others, negative attitude and mediocre performance, all of which continued despite repeated warnings.

3. Plaintiff failed to make any complaints about the alleged harassment to her department head or to any other person within Maaco's management.

4. Factors other than Maaco's alleged wrongful conduct caused some or all of Plaintiff's alleged damages.

5. No act or omission of Maaco's was the cause in fact or the proximate cause of any damage to Plaintiff.

WIGGIN AND DANA LLP

February 23, 2007

*s/ Sandra G. Gibbs*
Joseph Schumacher
Sandra G. Gibbs
1001 Hector Street, Suite 240
Conshohocken, PA 19428
jschumacher@wiggin.com
sgibbs@wiggin.com
(610) 834-2400
(610) 834-3055/fax

*Counsel for Defendant Maaco Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2007, I electronically filed the Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following registered participant:

- RUFUS A. JENNINGS
  rjennings@kolmanlaw.net
  Attorney for Plaintiff

*s/ Sandra G. Gibbs*
Sandra G. Gibbs

Date:  February 23, 2007